1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DENNIS GARDNER,

11                    Plaintiff,              No. 2:12-cv-01964 MCE KJN PS

12          v.

13   J. JOHANIGEN,

14                    Defendant.              ORDER
                                          /
15   _____

16          Plaintiff, who is proceeding without counsel, filed his complaint on July 26, 2012.

17   Presently before the court is plaintiff's application to proceed without prepayment of fees, or in

18   forma pauperis (Dkt. No. 3).[1]

19          Plaintiff's application in support of his request to proceed in forma pauperis

20   makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants

21   plaintiff's request to proceed in forma pauperis.

22          The determination that a plaintiff may proceed in forma pauperis does not

23   complete the required inquiry.  The court is also required to screen complaints brought by parties

24   proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d

25

26          [1] This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                           1

1122, 1129 (9th Cir. 2000) (en banc).  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

The undersigned cannot conclude on the present record that plaintiff's action is frivolous, that the complaint fails to state claims on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant.  The undersigned reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the undersigned will order service of the complaint on defendant J. Johanigan.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion to proceed in forma pauperis (Dkt. No. 3) is granted.

2.      Service of plaintiff's complaint is appropriate for the following defendant: J. Johanigan.

3.      The Clerk of the Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4.      The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

5.      Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

a.      One completed summons;

b.      One completed USM-285 form for each defendant to be served;

c.      A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

d.      A copy of this court's scheduling order and related documents for each defendant to be served; and

6.      Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal.*

7.      The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs.  *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.*  If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

8.      *If a defendant waives service, the defendant is required to return the signed waiver to the Marshals Service.  The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).*

9.      The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

10.     Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.  See Local Rules 110, 183(a).

IT IS SO ORDERED.

DATED:  August 27, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE