UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER, | No. 2:12-cv-1964 MCE KJN PS |
| Plaintiff, | |
| v. | ORDER |
| J. JOHANIGEN, | |
| Defendant. | |

Plaintiff Dennis Gardner, proceeding without counsel, filed this action under 42 U.S.C. § 1983 and other unspecified state laws on July 26, 2012.[1] (ECF No. 1.) Plaintiff alleges that on February 2, 2009, defendant J. Johanigen, an officer with the Pinole Police Department, arrested plaintiff for suspicion of driving under the influence and took plaintiff to the police station where his blood was forcefully drawn in the parking lot. (Id.) Plaintiff seeks damages "under California state and federal law." (Id.)

On August 27, 2012, the court granted plaintiff's request to proceed in forma pauperis and directed service of process by the U.S. Marshal on defendant. (ECF No. 7.) On June 19, 2013, after some inadvertent delays in service of process, defendant appeared through counsel and filed a motion to dismiss, or in the alternative transfer, the case for improper venue pursuant to Federal

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

1  Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), noticed for hearing on July 18, 2013.
2  (ECF No. 24.) Plaintiff failed to file a written opposition[2] to the motion fourteen (14) days prior
3  to the hearing in accordance with Local Rule 230(c).[3] After reviewing defendant's motion, the
4  court finds that oral argument would not be of material assistance in resolving the motion, and
5  that the motion is appropriate for submission upon the record and briefing on file. See E.D. Cal.
6  L.R. 230(g).

7  For the reasons discussed below, the court concludes that the case should be transferred to
8  the United States District Court for the Northern District of California pursuant to 28 U.S.C. §
9  1406(a), because venue in this district is improper.

10  The federal venue statute provides that a civil action "may be brought in (1) a judicial
11  district in which any defendant resides, if all defendants are residents of the State in which the
12  district is located; (2) a judicial district in which a substantial part of the events or omissions
13  giving rise to the claim occurred, or a substantial part of property that is the subject of the action
14  is situated; or (3) if there is no district in which an action may otherwise be brought as provided in
15  this section, any judicial district in which any defendant is subject to the court's personal
16  jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

---

[2] Plaintiff filed a motion for clarification, which did not address defendant's motion and merely inquired as to why the June 27, 2013 status conference in this matter was vacated. (ECF No. 31) As the court noted in the minute order vacating the status conference, that conference was vacated in light of defendant's pending motion. (ECF No. 28.) Proper venue is a threshold matter to be resolved, and conducting a status conference regarding case scheduling would have been premature given the venue challenge. In any event, because the court concludes, as discussed below, that the case must be transferred to the United States District Court for the Northern District of California, the court denies plaintiff's motion for clarification as moot.

[3] More specifically, Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.** Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

1    Here, plaintiff alleges that he was arrested in the City of Pinole by defendant, a City of
2 Pinole police officer, and that his blood was forcefully drawn at the police station. (ECF No. 1.)
3 In his motion, defendant points out that the City of Pinole is in Contra Costa County, and that
4 Contra Costa County is located in the Northern District of California. (ECF Nos. 24, 25.) Thus,
5 plaintiff's action should have been filed in the United States District Court for the Northern
6 District of California, because defendant resides, and the incident giving rise to plaintiff's claims
7 occurred, in that district.

8    "The district court of a district in which is filed a case laying venue in the wrong division
9 or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or
10 division in which it could have been brought." 28 U.S.C. § 1406(a). Here, filing in this district
11 appears to have been an inadvertent error by a pro se plaintiff unfamiliar with the procedural rules
12 of venue. Dismissal would require plaintiff to re-file the case and again request to proceed in
13 forma pauperis, which would inevitably delay resolution of plaintiff's claims that have been
14 pending for almost a year. Given these circumstances, the court finds that transfer is in the
15 interest of justice.

16    Accordingly, IT IS HEREBY ORDERED that:

17    1. Defendant's motion to dismiss, or in the alternative transfer, the case for improper
18       venue (ECF No. 24) is GRANTED IN PART.
19    2. This case is TRANSFERRED to the United States District Court for the Northern
20       District of California.
21    3. Plaintiff's motion for clarification (ECF No. 31) is DENIED AS MOOT.
22    4. The Clerk of Court is directed to close this case and vacate all dates.
23    IT IS SO ORDERED.

24 **Date: 7/8/2013**

25                                    _____
                                      KENDALL J. NEWMAN
26                                    UNITED STATES MAGISTRATE JUDGE