1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9

10    DENNIS GARDNER,                        Case No.  13-cv-03193-WHO

                 Plaintiff,
11                                           ORDER DENYING DEFENDANT'S
         v.                                  MOTION TO STAY THE FEDERAL
12                                           CLAIMS; GRANTING DEFENDANT'S
                                             MOTION TO DISMISS THE STATE
13    J. JOHANIGEN,                          CLAIMS WITHOUT PREJUDICE;
                                             DENYING PLAINTIFF'S REQUEST
14                 Defendant.                FOR A CONTINUANCE AS MOOT;
                                             AND DENYING PLAINTIFF'S
15                                           REQUEST FOR LEGAL ASSISTANCE
                                             WITHOUT PREJUDICE
16
                                             Dkt. No. 37.
17

18                        INTRODUCTION

19        *Pro se* plaintiff Dennis Gardner alleges that Defendant J. Johanigen, a police officer,

20   violated Mr. Gardner's civil rights by having Mr. Gardner's blood forcibly drawn in the parking

21   lot of a police garage.  Dkt. No. 1 ("Compl.") at 3.[1]  Mr. Gardner alleges both state and federal

22   claims.  Mr. Johanigen moves to dismiss Mr. Gardner's state claims and to stay Mr. Gardner's

23   federal claims.  Dkt. No. 37 ("Mot. to Dismiss and Stay").  On September 12, 2013, Mr. Gardner

24   sent a letter to the Court requesting a continuance and legal assistance.  Dkt. No. 44.  For the

25   following reasons,  Mr. Johanigen's Motion to Stay is DENIED. Mr. Gardner's state claims are

26   DISMISSED WITH LEAVE TO AMEND.  Mr. Gardner's request for a continuance is DENIED

27

28   _____
     [1] Page numbers refer to ECF page numbers.

1    AS MOOT.  Mr. Gardner's request for legal assistance is DENIED WITHOUT PREJUDICE.

2                                    **BACKGROUND**

3           On February 2, 2009, Mr. Johanigen, a police officer for the City of Pinole, arrested Mr.

4    Gardner for suspicion of driving under the influence of drugs or alcohol.  Compl. at 3.  Mr.

5    Gardner alleges that after his arrest, his blood was "forcefully drawn in the parking lot of the

6    police garage."  *Id*.  Mr. Gardner was represented by a public defender in his subsequent trial for

7    driving under the influence, where he was found guilty.  Following Mr. Gardner's conviction, his

8    public defender wrote a letter to the sentencing judge, which stated that the trial judge suppressed

9    the results of Mr. Gardner's blood draw because "the police conduct of forcing a blood draw on

10   Mr. Gardner up against the police car in an unsanitary parking garage adjacent to the police station

11   shocked the conscience."  The public defender stated that "there appeared to be no reason that Mr.

12   Gardner was not brought into the station for his blood to be tested in a sanitary and medically

13   appropriate manner."  *Id*. at 4.

14          On July 26, 2012, Mr. Gardner filed the present complaint against Mr. Johanigen.  Mr.

15   Gardner's complaint includes a copy of the letter from his public defender.  Compl. at 4.  In light

16   of Mr. Gardner's *pro se* status, the Court incorporates the letter into Mr. Gardner's complaint as

17   factual allegations.  Mr. Gardner requested that "the Court schedule a jury trial date and allow the

18   jury to award appropriate damages under California state and federal law."  *Id*. at 3.

19          On July 29, 2013, Mr. Johanigen filed a motion to dismiss Mr. Gardner's state claims for

20   failure to file a timely written claim with the City of Pinole, and a motion to stay the federal

21   claims pending Mr. Gardner's appeal of his DUI conviction.[2]  Dkt. No. 37.  Mr. Gardner's

22   opposition to the motion was due August 26, 2013.  The Court has not received an opposition.  On

23   September 11, 2013, the Court vacated a case management conference that was set for October 8,

24   2013.  Five days later, on September 16, 2013, the Court received a letter from Mr. Gardner dated

25   September 1, 2013.[3]  Dkt. No. 44.  In the letter, Mr. Gardner stated that he was "writing for a

_____

27   [2] Mr. Gardner filed an appeal of his conviction on July 31, 2012.  Bruggisser Decl. Ex. A [Dkt. No. 39].

28   [3] The letter was evidently not mailed until September 12, 2013 and was received by the Court on September 16, 2013.  Letter to the Clerk at 3.

United States District Court
Northern District of California

1   request for a continuance and will like to seek legal help." *Id.* at 1.

2                                **LEGAL STANDARD**

3          A federal court must conduct a preliminary screening in any case in which a prisoner

4   seeks redress from a governmental entity or officer or employee of a governmental entity.

5   *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

6   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

7   granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §

8   1915A(b)(1)-(2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica*

9   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

10          "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

11   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129

12   S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A

13   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

14   the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting

15   *Twombly*, 550 U.S. at 556).  However, a court "is not required to accept legal conclusions cast in

16   the form of factual allegations if those conclusions cannot reasonably be drawn from the facts

17   alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

18                                **DISCUSSION**

19      **A.  Mr. Gardner's Federal Claims**

20          A claim under 42 U.S.C. section 1983 requires two elements in addition to the general

21   requirements outlined above to survive a motion to dismiss.  First, the plaintiff must allege that a

22   right secured by the Constitution or laws of the United States was violated, and second, that the

23   alleged violation was committed by a person acting under the color of state law.  *See West v.*

24   *Atkins*, 487 U.S. 42, 48 (1988).

25          The Court construes Mr. Gardner's federal claim as one alleging excessive force under

26   section 1983 in violation of the Fourth Amendment right to be free from unreasonable searches

27   and seizures.  *See, e.g., Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the

28   excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1   most properly characterized as one invoking the protections of the Fourth Amendment, which

2   guarantees citizens the right „to be secure in their persons ... against unreasonable ... seizures‟ of

3   the person.").  To determine the reasonableness of a seizure in an excessive force claim, the court

4   should look to "whether the officers‟ actions are „objectively reasonable‟ in light of the facts and

5   circumstances confronting them." *Id.* at 397.  Ojective reasonableness is determined by balancing

6   "the nature and quality of the intrusion on the individual‟s Fourth Amendment interests against the

7   countervailing governmental interests at stake." *Id*. at 396 (internal quotation marks omitted).

8        A forced blood draw can violate the Fourth Amendment if it is unreasonable under the

9   circumstances, *see Schmerber v. California*, 384 U.S. 757, 771-72 (1966), such as if it is

10  "conducted in an unnecessarily cruel, painful, or dangerous manner." *Thompson v. City of Los*

11  *Angeles*, 885 F.2d 1439, 1447 n. 7 (9th Cir. 1989) *overruled on other grounds by Bull v. City &*

12  *County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) (en banc).  The blood draw must "be

13  taken by trained medical personnel in accordance with accepted practices." *United States v.*

14  *Chapel*, 55 F.3d 1416, 1418 (9th Cir. 1995) (en banc) (quoting the original panel opinion).

15       Mr. Gardner alleges that he was subjected to a forced blood draw "up against the police car

16  in an unsanitary parking garage," even though there was a police station nearby where Mr.

17  Gardner‟s blood could be drawn in a sanitary and medically appropriate manner.  This sufficiently

18  alleges a section 1983 violation.  *See, e.g., Pedroza v. Pham*, 12-cv-1341 EMC PR, 2012 WL

19  2288737, at *1 (N.D. Cal. June 18, 2012) ("Giving the *pro se* complaint the liberal construction to

20  which it is entitled, the allegations of a non-consensual blood draw are sufficient to state a § 1983

21  claim against officer Pham for a Fourth Amendment violation.").

22       Mr. Johanigen asks the Court to stay Mr. Gardner‟s federal claims until the Appellate

23  Division of the Contra Costa County Superior Court has ruled on Mr. Gardner‟s appeal of his

24  conviction.  Mot. at 5.  Mr. Johanigen argues that if the Appellate Division upholds the conviction,

25  Mr. Gardner‟s federal claims in this suit would necessarily be barred as a matter of law under

26  *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Id*. ("*Heck* mandates that a civil rights action under 42

27  U.S.C. § 1983 must be dismissed when a judgment in favor of the plaintiff would necessarily

28  imply the invalidity of a conviction or sentence that has not already been invalidated.").  But *Heck*

1    also states that "if the district court determines that the plaintiff's action, even if successful, will

2    *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the

3    action should be allowed to proceed, in the absence of some other bar to the suit." *Heck*, 512 U.S.

4    at 487 (emphasis in original). Mr. Gardner's success in this civil suit would not invalidate his

5    conviction or sentence because it is alleged without contradiction that the blood evidence was

6    suppressed from the criminal trial. Accordingly, Mr. Johanigen's Motion to Stay is DENIED.

7         **B. Mr. Gardner's State Claims**

8         Per California Government Code section 945.4, a plaintiff cannot recover damages against

9    a government agency in court for personal injury claims unless that plaintiff has first filed a

10   written claim with that agency "fairly describ[ing] what the entity is alleged to have done."

11   *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004).

12   The requirement also applies if the plaintiff is seeking to file claims against a governmental

13   employee as long as the claim arises from acts the employee did within the scope of his or her

14   employment. Cal. Gov't Code § 950.2. For personal injury claims, this written claim must be

15   filed within six months of the complained-of action. Cal. Gov't Code § 911.2.

16        State claims that are supplemental to alleged civil rights violations can be brought in

17   federal court pursuant to 42 U.S.C. section 1983, but the filing requirements under California

18   Government Code section 945.4 still apply. *Butler v. Los Angeles Cnty.*, 617 F. Supp. 2d 994,

19   1001 (C.D. Cal. 2008). "Complaints that do not allege facts demonstrating either that a tort claim

20   was timely presented or that compliance with the claims statute is excused are subject to

21   dismissal." *Id.* (quoting *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 209 (Cal. 2007)).

22        Mr. Johanigen alleges that Mr. Gardner did not file a government tort claim and, as a

23   result, all of Mr. Gardner's state claims are barred under California Government Code sections

24   945.4 and 950.2. Mot. at 4. Mr. Gardner does not allege that he filed a written claim with the City

25   of Pinole, nor does he argue that the Court should excuse compliance with that requirement in this

26   case. For these reasons, Mr. Gardner's state claims are DISMISSED WITH LEAVE TO

27   AMEND. If Mr. Gardner did, in fact, file a timely written claim with the City, he should file an

28   amended complaint and provide documentation if possible. If Mr. Gardner did not file a claim

United States District Court
Northern District of California

5

1  with the City but believes it is not required in this case, Mr. Gardner should explain why it is not

2  required.

3      **C.  Mr. Gardner's letter to the clerk**

4      Mr. Gardner filed a letter with the Court dated September 1, 2013.  In the letter, Mr.

5  Gardner states that he is "writing for a request for a continuance and will like to seek legal help."

6  Dkt. No. 44 at 1.  The Court construes Mr. Gardner's letter as a motion for a continuance of the

7  case management conference previously set for October 8, 2013 and as a request for appointment

8  of counsel.  On September 11, 2013, the Court vacated the case management conference

9  previously set for October 8, 2013.  Dkt. No. 43.  No further case management conference has

10 been scheduled.  Accordingly, Mr. Gardner's request for a continuance is DENIED AS MOOT.

11     To the extent that Mr. Gardner's letter was intended to be a motion for appointment of

12 counsel, that motion is DENIED WITHOUT PREJUDICE because Mr. Gardner has not shown

13 that exceptional circumstances exist at this time.  The decision to request counsel to represent an

14 indigent litigant under 28 U.S.C. section 1915 is within "the sound discretion of the trial court and

15 is granted only in exceptional circumstances."  *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.

16 1984).  The Court will consider whether appointment of counsel is warranted when the record is

17 more fully developed.

18                              **CONCLUSION**

19     For the reasons stated above, Mr. Gardner's state claims are DISMISSED WITH LEAVE

20 TO AMEND.  If Mr. Gardner believes that his state claims are not barred, he should file a First

21 Amended Complaint addressing the deficiencies noted above.  **Any amended complaint must be**

22 **filed by Friday, January 3, 2014**, and must include the caption and civil case number used in this

23 order (13-03193-WHO) and the words FIRST AMENDED COMPLAINT on the first page.  In

24 this document, Mr. Gardner should include *all* the claims he wishes to present, including his

25 federal claims.  If Mr. Gardner does not file an amended complaint, his state claims will be

26 deemed waived and his case will move forward with the federal claims only.

27     Mr. Johanigen's Motion to Stay is DENIED.  Mr. Gardner's request for continuance is

28 DENIED AS MOOT.  Mr. Gardner's request for legal assistance is DENIED WITHOUT

*United States District Court*
*Northern District of California*

PREJUDICE.

Mr. Gardner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: November 22, 2013



WILLIAM H. ORRICK
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


DENNIS GARDNER,

                Plaintiff,

  v.

J.JOHANIGEN et al,

                Defendant.

_____/

Case Number: CV13-03193 WHO

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 22, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail.


Dennis Gardner
Solano County Sentenced Detention Facility
2500 Claybank Road
Fairfield, CA 94533-1655


Dated: November 22, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk