UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br>           Plaintiff,<br>    v.<br>J. JOHANIGEN,<br>           Defendant. | Case No. 13-cv-03193-WHO (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS;**<br><br>**ORDER SETTING BRIEFING SCHEDULE** |

## INTRODUCTION

In this federal civil rights action, plaintiff Dennis Gardner alleges that defendant J. Johanigen, a police officer for the City of Pinole, is liable under both federal and state law for forcibly drawing his blood in a police garage. Defendant moves to dismiss the state law claims because Gardner failed to comply with state procedural requirements prior to filing suit. Defendant's motion is GRANTED, and Gardner's state law claims are DISMISSED without prejudice to his pursuing them in state court.

This action shall proceed only on Gardner's federal claims under the Fourth Amendment. The Court has set a new briefing schedule, as detailed in the conclusion of this order.

## DISCUSSION

Only Gardner's state law claims are at issue in this order. In his amended complaint, he alleges without elaboration that defendant is liable under California state

law. (Am. Compl. at 3.) The Court dismissed these claims with leave to amend because Gardner had not shown that he had complied with state procedural requirements — filing a written tort claim with the City of Pinole — before filing suit. (Docket No. 46.)

Per California Government Code section 945.4, a plaintiff cannot recover damages against a government agency in court for personal injury claims unless that plaintiff has first filed a written claim with that agency "fairly describ[ing] what the entity is alleged to have done." *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 34 Cal. 4th 441, 446 (2004). The requirement also applies if the plaintiff is seeking to file claims against a governmental employee as long as the claim arises from acts the employee did within the scope of his or her employment. Cal. Gov't Code § 950.2. This state requirement applies in actions, such as the instant one, filed under 42 U.S.C. § 1983. *Butler v. Los Angeles County*, 617 F. Supp. 2d 994, 1001 (C.D. Cal. 2008). "Complaints that do not allege facts demonstrating either that a tort claim was timely presented or that compliance with the claims statute is excused are subject to dismissal." *Id.* (quoting *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (Cal. 2007)).

The Court instructed Gardner to file an amended complaint showing that he complied with section 945.4. (Docket No. 46 at 6.) He has not done so, and there is nothing in the record showing that the requirement has been met.[1] Accordingly, defendant's motion to dismiss is GRANTED, and Gardner's state law claims are DISMISSED without prejudice to his filing such claims in state court.

## CONCLUSION

Defendant's motion to dismiss (Docket No. 48) is GRANTED, and Gardner's state law claims are DISMISSED without prejudice.

The action shall proceed only on Gardner's federal claims under the Fourth Amendment. The Court sets a new briefing schedule. On or before December 15, 2014,

---

[1] He alleges that he filed a claim with the state "Victim Compensation and Government Claims Board." (Am. Compl. at 3.) Because that filing is not a written claim filed with the City of Pinole, it cannot satisfy the state filing requirement.

2

defendant shall file a motion for summary judgment, or notice regarding such motion. Gardner's opposition, if any, shall be filed forty-five days after defendant's motion has been filed. Defendant's reply, if any, shall be filed within thirty days after the opposition has been filed.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

No hearing will be held on the motion unless the Court so orders at a later date. All communications by Gardner with the Court must be served on defendant, or defendant's counsel, by mailing a true copy of the document to defendant or defendant's counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

It is Gardner's responsibility to prosecute this case. He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be given "notice of what is required of them in order to oppose" summary judgment motions at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). Defendant shall provide the following notice to Gardner when he files and

serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998).

The Clerk shall terminate Docket No. 48.

**IT IS SO ORDERED.**

**Dated:** September 4, 2014

_____
WILLIAM H. ORRICK
United States District Judge