UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>        Plaintiff,<br><br>    v.<br><br>J. JOHANIGEN,<br><br>        Defendant. | Case No. 13-cv-03193-WHO (PR)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED** |

Plaintiff Dennis Gardner is ordered to show cause on or before July 15, 2015 why this action should not be dismissed for failure to prosecute. **No extensions of time will be granted.** Gardner, even though he has been free from incarceration since September 2014, has repeatedly failed to prosecute this civil rights action, causing defendant to file a motion to dismiss for that reason. (Docket No. 66.) Gardner has failed to (1) respond to the Court's telephone messages; (2) appear for any depositions with defendant, including those he specifically agreed to attend on November 25, 2014 and January 21, 2015; and (3) respond to defendant's repeated attempts to schedule depositions.

To avoid dismissal, Gardner **must** do the following on or before July 15, 2015:

1. Provide the Court with a telephone number through which he can be contacted, and respond within 24 hours to any calls by the Court so that a telephonic case management conference can be scheduled;
2. Participate in the case management conference that the Court will then schedule; **and**
3. Contact defendant to schedule his deposition, to take place within 30 days from the date he contacts defendant.

If Gardner fails to respond to this order to show cause, the action will be dismissed for failure to prosecute. It may be dismissed with prejudice. If he subsequently fails to return the Court's telephone messages within 24 hours, or to appear for any telephonic or in-person case management conference (or other court proceeding), or to appear for the scheduled deposition with defendant, the action may be dismissed for failure to prosecute. Gardner should consider this to be his last chance to litigate this matter. Given his wholesale failure to prosecute his case to this point, the patience of the Court is at an end and requests for extensions or excuses for noncompliance will not be granted or considered absent good cause.

Because this order addresses the concerns raised by defendant, the motion to dismiss (Docket No. 66) is DENIED as moot.

The Clerk shall terminate Docket No. 66.

**IT IS SO ORDERED.**

**Dated:** June 4, 2015

WILLIAM H. ORRICK
United States District Judge