UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS GARDNER,
    Plaintiff,

v.

J. JOHANTGEN,
    Defendant.

Case No. 13-cv-03193-WHO (PR)

**ORDER OF DISMISSAL**

Dkt. No. 79

Pro se plaintiff Dennis Gardner has failed to appear at four depositions. After his third miss, defendant Johantgen filed a motion to dismiss for failure to prosecute. I issued an OSC re: dismissal and then held a phone conference with Gardner and defendant's counsel during which I warned Gardner that he had one last chance to appear at a deposition and prosecute his case. The parties agreed on a date and time acceptable to Gardner. He promised to appear. He did not. Accordingly, this action is dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

This action arose out of a forced blood draw on February 2, 2009, following Gardner's arrest for driving under the influence. It was initiated in the Eastern District of California before it was transferred here in July, 2013. Gardner was released from incarceration in September, 2014, but repeatedly failed to prosecute the case thereafter.

Defendant first noticed Gardner's deposition on December 3, 2014. Despite being provided with notice and confirming in writing that he would appear, he did not. (Docket No. 79, MTD at 2.) Instead, he cancelled the deposition forty-five minutes before the start

time.  (*Id.*)

Defendant made several abortive attempts in December 2014 to schedule a second deposition, and finally sent Gardner a written notice that a deposition was scheduled for January 7, 2015.  (*Id.*)  Attempts to confirm the meeting were unsuccessful because Gardner's telephone number was no longer in service.  (*Id.* at 2-3.)

In January, defendant sent Gardner another letter regarding a deposition.  (*Id.* at 3.)  Gardner called defendants, said he never received notice of the January 3rd deposition, and agreed to meet in person for a deposition on January 21st.  (*Id.*)  A letter confirming the appointment stated that if Gardner failed to appear, defendant would file a motion to dismiss for failure to prosecute.  (*Id.*)  He did fail to appear, but telephoned on the 21st to say that he would take questions over the phone.  (*Id.*)

Following that, defendant moved to dismiss.  (Docket No. 66.)  As my Order To Show Cause Why The Action Should Not Be Dismissed filed on June 4, 2015, identified Gardner's failure to (1) respond to the Court's telephone messages; (2) appear for any depositions with defendant, and (3) respond to defendant's repeated attempts to schedule depositions.  (Docket No. 71 at 1.)  Among other things, I warned that if Gardner failed to appear at a deposition that I would schedule following a case management conference, assuming that he responded to my Order, "the action may be dismissed for failure to prosecute.  Gardner should consider this to be his last chance to litigate this matter.  Given his wholesale failure to prosecute his case to this point, the patience of the Court is at an end and requests for extensions or excuses for noncompliance will not be granted or considered absent good cause."  (*Id*. at 2.)

Gardner contacted the Court, and I held a telephonic case management conference on June 23, 2015.  I repeated my warnings.  I advised him to obtain help through the Legal Help Center.  The parties agreed on July 16, 2015 as the new date for a deposition and set the start time at 1 p.m. as Gardner requested.  I required defendant to provide Gardner with a written notice of deposition and directions to the deposition's location.  I told Gardner more than once that if he failed to appear for his deposition, his case would be dismissed.

And he responded several times that he would appear. (*See* Docket No. 76.) A court minute order, a copy of which was sent to Gardner, summarized what the parties had agreed upon. It further stated: "Mr. Gardner is reminded that failing to appear for his deposition on July 16, 2015 will result in the case being dismissed." (*Id.*)

Defendant sent the written notice as required. (Docket No. 75.) Gardner failed to appear at the July 16th deposition.[1] Defendant consequently filed a renewed motion to dismiss for failure to prosecute in which they stated that they have incurred over $2,400 in court reporter fees and costs alone as a result of Gardner's failures to appear. (MTD at 6.)

In an untimely response to the motion, Gardner asserts in a conclusory fashion that unspecified medical and financial reasons prevented him from attending in person. (Docket No. 82.) This is not sufficient to prevent dismissal. Gardner has had many opportunities to prosecute this action and has consistently failed to do so. He has failed to do what he promised to do, despite clear instructions from the Court and defendant.

Accordingly, defendant Johantgen's motion is GRANTED and the action is DISMISSED WITH PREJUDICE under Federal Rule of Civil Procedure 41(b) for failure to prosecute. The Clerk shall terminate Docket No. 79, enter judgment in favor of defendant, and close the file.

The Clerk shall also amend the docket to reflect the correct spelling of defendant's last name, which is "Johantgen." He was erroneously sued as "Johanigen" and "Johnaigen."

**IT IS SO ORDERED.**

**Dated:** September 9, 2015

WILLIAM H. ORRICK
United States District Judge

---

[1] According to defendants, Gardner telephoned fifteen minutes before the deposition was supposed to start and said he would not be attending. He asked that his deposition be taken over the phone. (MTD at 4.)

3